IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01101-GPG

HOWARD O. KIEFFER,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

ORDER OF DISMISSAL

Applicant, Howard O. Kieffer, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").  Mr. Kieffer initiated this action by filing *pro se* an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) and a "Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1-1).  Mr. Kieffer is challenging the BOP's computation of his prison sentence. On June 12, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Kieffer to show cause why the application should not be dismissed as successive or abusive.  In addition, to the extent the application can be read to challenge the validity of the amended judgments in his criminal case, Mr. Kieffer was ordered to show cause why the application should not be dismissed because he has an adequate and effective remedy available to him in his criminal case pursuant to 28 U.S.C. § 2255.  On June 24, 2015, Mr. Kieffer filed his response (ECF No. 8) to the show cause order.  Mr. Kieffer states in his response that he seeks to challenge only the computation of his sentence

and not the validity of his sentence.  (*See* ECF No. 8 at 8.)  Therefore, the Court does not construe the application as asserting a claim challenging the validity of the amended judgments in his criminal case.

The Court must construe the application and other papers filed by Mr. Kieffer liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Mr. Kieffer has been convicted in both the United States District Court for the District of North Dakota and the United States District Court for the District of Colorado on charges of mail and wire fraud, making false statements, and contempt of court stemming from his unlicensed operation of a "nationwide criminal law practice."  *United States v. Kieffer*, 681 F.3d 1143, 1146 (10th Cir. 2012).  He was sentenced in the District of North Dakota case to a term of fifty-one months in prison and that sentence was affirmed on appeal.  *See United States v. Kieffer*, 621 F.3d 825 (8th Cir. 2010).  Mr. Kieffer originally was sentenced by the Honorable Christine M. Arguello in the District of Colorado case to a term of fifty-seven months in prison to be served consecutively to the District of North Dakota sentence.  *See Kieffer*, 681 F.3d at 1146.  The United States Court of Appeals for the Tenth Circuit affirmed the District of Colorado convictions but remanded for resentencing because, *inter alia*, the Colorado sentence improperly was imposed as a consecutive sentence.  *See id.* at 1167-68, 1172.

On remand Judge Arguello resentenced Mr. Kieffer to a term of ninety-nine months in prison to be served concurrently with the District of North Dakota sentence and Judge Arguello orally stated at the resentencing hearing on August 22, 2013, that

the purpose of the sentence was to ensure Mr. Kieffer serves an additional forty-eight months in prison beyond the District of North Dakota sentence. *See United States v. Kieffer*, 596 F. App'x 653, 657 (10th Cir. 2014), *cert. denied*, No. 14-9670, 2015 WL 2160425 (June 8, 2015). As described by the Tenth Circuit, giving effect to Judge Arguello's stated purpose has proved difficult.

> On September 3, 2013, the First Amended Judgment, which was intended to memorialize in writing Mr. Kieffer's orally pronounced sentence, was entered as follows:
>
>> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ninety-nine (99) months as to each of Counts 1 and 2, to be served concurrently with each other and with the [North Dakota sentence]. Pursuant to 5G1.3(b), the Court adjusted the ninety-nine (99) months by subtracting the fifty-one (51) months already served in [North Dakota], for a remaining sentence of forty-eight (48) months as to each of Counts 1 and 2, and thirty-seven (37) months as to Count 3, all counts to be served concurrently with each other.
>
> I R. 211 (emphasis in original). As the BOP understood the written sentence, and contrary to the court's clear intent, Mr. Kieffer was set to receive only 8 additional months in prison for his conduct in the District of Colorado.
>
> Mr. Kieffer filed a notice of appeal from the First Amended Judgment on September 5, 2013. The government did not object to or appeal the sentence. Over a month later, on October 8, 2013, Mr. Kieffer's probation officer learned that the Bureau of Prisons was processing Mr. Kieffer for release several years in advance of the court's oral sentence. Citing Federal Rule of Criminal Procedure 36 for authority to correct a clerical mistake, the district court entered the Second Amended Judgment on October 10, 2013. The Second Amended Judgment imposed a term of:
>
>> [N]inety-nine (99) months as to each of Counts

> 1 and 2, and 37 months as to Count 3, each count to be served concurrently and concurrent with the sentence imposed in [the North Dakota case].

II. R. Supp. 541. Note that, as it later became clear to the court, under the Second Amended Judgment the Bureau of Prisons would have started Mr. Kieffer's 99–month term on August 16, 2010, the date of the initiation of the Colorado case. This would have failed to give him credit for 11 months he served between that date and the start of his incarceration in North Dakota on September 14, 2009. *Id.* at 551–53.

Following the court's entry of the Second Amended Judgment, we granted Mr. Kieffer's unopposed motion to abate his appeal from the First Amended Judgment. Mr. Kieffer then filed a petition for writ of mandamus, seeking an order to vacate the Second Amended Judgment and reinstate the First Amended Judgment. On December 6, 2013, we denied Mr. Kieffer's petition.

On December 17, 2013, the government filed a motion seeking a limited remand to allow the district court to "clarify the basis for its issuance" of the Second Amended Judgment and "to ensure the judgment accurately reflects the sentence orally pronounced on August 22, 2013." The parties filed a joint status report stating their agreement that the Second Amended Judgment did not accurately reflect the sentence orally imposed on August 22, 2013. They agreed that this court should remand the case with instructions to vacate the Second Amended Judgment. However, the parties diverged on their view of the appropriate next steps. Mr. Kieffer contended that, because the district court did not have jurisdiction to alter the First Amended Judgment, it should be reinstated as written. The government contended that the district court did have jurisdiction to alter the First Amended Judgment but did so incorrectly. The court should therefore correct the Second Amended Judgment to reflect either a sentence of 48 months consecutive or 99 months concurrent with an 11–month adjustment to account for the full term Mr. Kieffer had already served.

On January 27, 2014, this court remanded the case

4

for the "limited purpose of addressing the second Amended Judgment." II R. Supp. 557. We authorized the district court to "conduct any and all proceedings it deems appropriate and necessary with respect to the second Amended Judgment." *Id.* at 558.

The limited remand hearing was held on March 18, 2014. Mr. Kieffer appeared by video-conference. During the hearing, the district court, as requested, sought to clarify its basis for the issuance of the Second Amended Judgment. The court expressed that the First Amended Judgment "did not accomplish" its "sentencing intent." V R. Supp. 21. The court had therefore entered the Second Amended Judgment, deeming its alteration to be an allowable correction of a clerical error under Rule 36. The court stated that the clerical error was in "the transcription of the Judgment, because the language used did not effectuate the Court's intent." *Id.* at 25. The language was "a result of everybody being confused . . . about how the Bureau of Prisons would interpret the language." *Id.* The court reiterated: "the clerical error was made when probation gave me the Judgment that I thought would accomplish what I needed. But it was not – I was not aware that the Bureau of Prisons would not interpret the Judgment in the way that prior defense counsel advised this Court it would interpret it." *Id.* at 32.

The court then held that, "pursuant to Rule 36 and the limited remand from the Tenth Circuit, it has jurisdiction and authority to amend the Judgment for a third time, and hopefully this time we will get it right." *Id.* at 30. In order to accomplish its intent to impose 48 additional months of imprisonment for Mr. Kieffer's conduct in Colorado, the court decided to first remove the downward adjustment of 51 months. Then, the court changed the base term of imprisonment from 99 months to 88 months to accurately reflect the time Mr. Kieffer served in North Dakota and to ensure he would be imprisoned for no more than the intended 48 additional months. The court then reduced Mr. Kieffer's sentence on Count 2 because the original term of 99 months of imprisonment exceeded the statutory maximum of 60 months.

Following the limited remand hearing, the district court vacated the Second Amended Judgment and, on March 26, 2014, entered the Third Amended Judgment:

5

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: eighty-eight (88) months as to Count 1, sixty (60) months as to Count 2, and thirty-seven (37) months as to Count 3, each count to be served concurrently with each other and with the [North Dakota sentence].
>
> I R. Supp. 15.
>
> Then, on April 4, 2014, the district court issued the Fourth Amended Judgment, altering the date of imposition of judgment. The initial judgment was dated August 16, 2010, and the First, Second, and Third Amended Judgments were dated August 22, 2013. The Fourth Amended Judgment was dated March 18, 2014. *Id.* at 30.

*Kieffer*, 596 F. App'x at 657-59. On appeal following entry of the Fourth Amended Judgment, the Tenth Circuit remanded the case with instructions "to vacate the First, Third, and Fourth Amended Judgments forthwith and enter a final judgment conforming to the sentence orally pronounced at Mr. Kieffer's resentencing hearing on August 22, 2013, but with full credit for all time served . . . ." *Id.* at 655. On February 23, 2015, Judge Arguello entered a Fifth Amended Judgment sentencing Mr. Kieffer to a total term of 88 months on count 1, 60 months on count 2, and 37 months on count 3 to be served concurrently with each other and with the District of North Dakota sentence. *See United States v. Kieffer*, 09-cr-00410-CMA (D. Colo. Feb. 23, 2015) (ECF No. 225), *appeal filed*, No. 15-1078 (10th Cir. Mar. 4, 2015).

Mr. Kieffer contends in the instant action that the BOP "is not correctly calculating [his] sentence, or executing it, based upon their reliance on a written judgment that conflicts with the actual punishment imposed when [his] sentence was unambiguously orally pronounced at [his] August 22, 2013 resentencing hearing." (ECF No. 1 at 2.) He

further contends "that the unambiguous sentence, orally pronounced in the presence of Mr. Kieffer, at his August 22, 2013 resentencing hearing, is the only sentence to be properly executed by the Bureau of Prisons." (ECF No. 1-1 at 32.)  As relief Mr. Kieffer asks the Court to order the BOP to "recompute [his] sentence in the same manner as it did on September 15, 2013, and immediately release him from custody." (*Id.*)  The BOP's sentence computation dated September 15, 2013, which was based on the First Amended Judgment, determined his projected release date would be February 6, 2014. (*See id.* at 34.)  However, as the Tenth Circuit noted, "the First Amended Judgment did not accurately memorialize [Judge Arguello's] orally pronounced sentence."  *Kieffer*, 596 F. App'x at 661.  The most recent BOP sentence computation provided by Mr. Kieffer with the application is dated May 23, 2014, and indicates his projected release date is January 2, 2017.  (*See* ECF No. 1-1 at 71.)  Mr. Kieffer alleges that the BOP's computation of his projected release date did not change following entry of the Fifth Amended Judgment.  (*See id.* at 5.)  Mr. Kieffer has submitted with his response to Magistrate Judge Gallagher's show cause order a more recent BOP sentence computation dated May 22, 2015, that indicates his projected release date now is December 29, 2016.  (*See* ECF No. 8 at 10.)

Mr. Kieffer previously filed a habeas corpus action pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania raising the same claim.  *See Kieffer v. Baltazar*, No. 1:14-cv-01547, 2015 WL 1013946 (M.D. Pa. Mar. 9, 2015), *aff'd*, No. 15-1729, 2015 WL 3464077 (3d Cir. May 28, 2015) (per curiam).  According to the United States Court of Appeals for the Third Circuit, the Middle District of Pennsylvania "dismissed Kieffer's § 2241 petition for lack of

jurisdiction, reasoning that it constituted an attack on the validity of the Colorado District Court's amended judgments instead of a challenge to the BOP's execution of his sentence." 2015 WL 3464077 at *2.  The Middle District of Pennsylvania "also noted that it would have denied Kieffer's petition on the merits because he remains subject to imprisonment even under the oral sentence on which he relies." *Id.*  The Third Circuit "agree[d] that Kieffer's petition belonged in the Colorado District Court to the extent that it challenged the validity of that court's amended judgments" and "[t]o that same extent, Kieffer's challenge also became moot when the Tenth Circuit vacated those amended judgments." *Id.*  However, the Third Circuit acknowledged that "it may be possible to construe Kieffer's petition as a challenge to the execution of his sentence that has not been mooted by the Tenth Circuit's vacation of the amended judgments." *Id.*  The Third Circuit rejected this claim for the following reasons:

> To the extent that Kieffer's petition can be so construed, however, it is foreclosed by the substance of the Tenth Circuit's ruling.  The Tenth Circuit squarely rejected Kieffer's argument that the Colorado District Court orally sentenced him to only 48 months in prison because, as the Tenth Circuit explained, the Colorado District Court unambiguously expressed its intent to sentence him to 48 months in prison *in addition* to the time served on his North Dakota sentence, for a total sentence of 99 months.  *See Kieffer*, 596 F. App'x at 661.  Thus, the Tenth Circuit remanded for entry of a new judgment consistent with that oral sentence, the Colorado District Court has entered a new judgment, and Kieffer is challenging that judgment on appeal.  We express no opinion on the merits of that appeal but, even assuming that we had the authority to reach a contrary conclusion in the context of Kieffer's § 2241 petition, we would not do so for the reasons explained by the Tenth Circuit.

*Id.*  Thus, the Third Circuit affirmed the dismissal of he § 2241 habeas corpus action.

Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain an application for

a writ of habeas corpus pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies both to successive claims that actually were raised and adjudicated in the prior petition and to abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). If the claims are successive, they must be dismissed. *See id.* Although the Court may raise the statutory bar *sua sponte*, Mr. Kieffer must be given notice and an opportunity to respond. *See id.* at 1271.

Mr. Kieffer has been given an opportunity to address whether his claim in this action is barred by § 2244(a). He argues in response to the show cause order that his claim is not successive because the prior § 2241 action was dismissed for lack of jurisdiction and not on the merits. He also asserts that the prior § 2241 action could not have adjudicated the claim he is raising in this action because the prior § 2241 action was filed before Judge Arguello entered the Fifth Amended Judgment on February 23, 2015, and before the BOP updated its sentence computation on May 22, 2015. The Court is not persuaded.

Mr. Kieffer is correct that the Middle District of Pennsylvania dismissed the prior § 2241 action "for lack of jurisdiction, reasoning that it constituted an attack on the validity of the Colorado District Court's amended judgments instead of a challenge to the BOP's execution of his sentence." 2015 WL 3464077 at *2. However, the Third Circuit on appeal recognized that "it may be possible to construe Kieffer's petition as a challenge to the execution of his sentence that has not been mooted by the Tenth Circuit's

9

vacation of the amended judgments" and explicitly addressed and rejected the merits of that claim as shown above. *Id.* Furthermore, the Third Circuit's opinion was filed May 28, 2015, which was after the Fifth Amended Judgment was entered on February 23, 2015, and the Third Circuit's opinion specifically refers to the Fifth Amended Judgment in the District of Colorado criminal case. *See id.* The Third Circuit's order also postdates the BOP's most recent sentence computation on May 22, 2015. It appears that the Third Circuit was not aware of the BOP's May 22, 2015 sentence computation because, like Mr. Kieffer himself in his initial filings in this action, the Third Circuit referenced a projected release date of January 2, 2017. *See id.* at *1. However, even if the Third Circuit was not aware of the BOP's most recent sentence computation, the substance of Mr. Kieffer's claim is that the BOP must calculate his sentence in accordance with his interpretation of the oral sentence pronounced by Judge Arguello on August 22, 2013, and that argument was rejected on the merits. *See id.* at *2. Therefore, the instant action is successive and must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as successive pursuant to 28 U.S.C. § 2244(a). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   15th   day of    July        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court