IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01101-LTB

HOWARD O. KIEFFER,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

Applicant, Howard O. Kieffer, has filed *pro se* a "Motion to Alter or Amend Judgment and/or for Relief from Order of Dismissal Entered July 15, 2015" (ECF No. 12) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 9) and the Judgment (ECF No. 10) entered in this action on July 15, 2015. The Court must construe the motion liberally because Mr. Kieffer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider the motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Kieffer filed the instant habeas corpus action purporting to challenge the computation of his federal prison sentence. The Court determined the application is successive and dismissed the action pursuant to 28 U.S.C. § 2244(a) because the merits of the claim Mr. Kieffer asserts were raised and rejected in prior habeas corpus proceedings. Mr. Kieffer argues in the motion to alter or amend judgment that the Court failed to consider his arguments regarding abuse of the writ and law of the case in a supplement (ECF No. 11) filed the same day the Court entered its order dismissing this action, that the law of the case doctrine does not apply, and that the Fifth Amended Judgment in his District of Colorado criminal case conflicts with the sentence actually imposed in that case.

Upon consideration of the motion to alter or amend the judgment and the entire file, including the supplement (ECF No. 11), the Court finds that Mr. Kieffer fails to

demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. In short, the Court remains convinced that Mr. Kieffer's claim challenging the execution of his sentence properly was dismissed as successive because the claim actually was raised and considered on the merits in prior habeas corpus proceedings. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Accordingly, it is

ORDERED that the "Motion to Alter or Amend Judgment and/or for Relief from Order of Dismissal Entered July 15, 2015" (ECF No. 12) is DENIED.

DATED at Denver, Colorado, this  3rd  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court